**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **BAKERY AND CONFECTIONARY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, et al.,**<br><br>    **Plaintiffs,**<br>**v.**<br><br>**JUST BORN II, INC. DBA GOLDENBERG CANDY COMPANY,**<br><br>    **Defendant.** | Civil Action No. 8:16-cv-00793-DKC<br><br>Hon. Deborah K. Chasanow |

**Reply Memorandum of Points and Authorities in**
**Support of Just Born II, Inc.'s Cross-Motion for Judgment on the Pleadings**

Elizabeth A. Scully
   (MD Fed. Bar # 27402)
Mark W. DeLaquil (phv)
Jay P. Krupin (phv)
David B. Rivkin, Jr. (phv)
Baker & Hostetler LLP
1050 Connecticut Ave. N.W.,
Suite 1100
Washington, DC 20036
Phone: (202) 861-1527
Fax: (202) 861-1783
mdelaquil@bakerlaw.com

*Counsel for Defendant Just Born*

# TABLE OF CONTENTS

Introduction ................................................................................................ 1

Argument ..................................................................................................... 2

    A.  ERISA Section 305(e)(3)(C) Is Not Triggered Because
        Just Born Has No "Obligation To Contribute" For
        New Employees ................................................................................ 2

    B.  The Court Should Reject Plaintiffs' Invitation To
        Ignore ERISA's Explicitly Defined Terms .................................... 4

    C.  The Trust Agreement Does Not Create An Obligation
        To Contribute .................................................................................. 7

    D.  Plaintiffs' Other Assorted Arguments Are
        Unpersuasive ................................................................................. 11

Conclusion ................................................................................................ 14

## TABLE OF CITATIONS

**Cases**

*Bakery & Confectionery Union & Indus. Int'l Pension Fund v. New World Pasta Co.*, 309 F. Supp. 2d 716 (D. Md. 2004) ............................................. 10

*Bakery and Confectionary Union and Industrial Int'l Pension Fund v. Ralph's Gocery Co.*, 118 F.3d 1018 (4th Cir. 1997) ................................................... 10

*First Bank v. DJL Properties, LLC*, 598 F.3d 915 (7th Cir. 2010) .............................. 7

*I.N.S. v. Hector*, 479 U.S. 85 (1986) ......................................................................... 7

*Joyce v. Clyde Sandoz Masonry*, 871 F.2d 1119 (D.C. Cir. 1989) .......................... 6

*Kim v. United States*, 822 F. Supp. 107 (E.D.N.Y. 1993) ........................................ 7

*Litton Financial Printing Div., Litton Bus. Sys., Inc. v. N.L.R.B.*, 501 U.S. 190 (1991) ............................................................................................ 9–10

*M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926 (2015) ................................. 9

*Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261 (4th Cir. 2004) ............................... 5

*Michels Corp. v. Cent. States, Se., & Sw. Areas Pension Fund*, 800 F.3d 411 (7th Cir. 2015) ......................................................................................... 3, 8

*N.L.R.B. v. Katz*, 369 U.S. 736 (1962) ...................................................................... 6

*Office & Prof'l Employees Ins. Trust Fund v. Laborers Funds Admin. Office of N. Cal., Inc.*, 783 F.2d 919 (9th Cir. 1986) ............................................. 8–9

*Palisades Collections LLC v. Shorts*, 552 F.3d 327 (4th Cir. 2008) ...................... 6–7

*Simonoff v. Expedia, Inc.*, 643 F.3d 1202 (9th Cir. 2011) ........................................ 7

*The Last Best Beef, LLC v. Dudas*, 506 F.3d 333 (4th Cir. 2007) .......................... 11

*Trustees of Local 138 Pension Fund v. F.W. Honerkamp Co., Inc.*, 692 F.3d 127 (2d Cir. 2012) .................................................................................. 12

*United Food & Commercial Workers Int'l Union, AFL-CIO, Local 7 v. Gold Star Sausage Co.*, 897 F.2d 1022 (10th Cir. 1990) ................................... 9

*United States v. Al-Hamdi*, 356 F.3d 564 (4th Cir. 2004) ........................................ 5

*Westwood Apex v. Contreras*, 644 F.3d 799 (9th Cir. 2011) .................................... 7

*Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228 (1st Cir. 1996) ............... 9

*Woodward Sand Co. v. W. Conference of Teamsters Pension Trust Fund*, 789 F.2d 691 (9th Cir. 1986) ............................................................................... 3

**Statutes and Rules**

29 U.S.C. § 1085 ................................................................................................*passim*

29 U.S.C. § 1392 ................................................................................................*passim*

Fed. R. Evid. 106 ...................................................................................................... 8

## **Introduction**

ERISA § 305(e)(3)(C), 29 U.S.C. § 1085(e)(3)(C), the statutory provision on which Plaintiffs' claim for relief rests, allows pension fund managers to impose contribution schedules only on "bargaining parties," a term Congress specifically defined by reference to the well-trodden concept of an "obligation to contribute" under ERISA § 4212(a), 29 U.S.C. § 1392(a). But in over 60 pages of briefing on the parties' respective motions for judgment on the pleadings, Plaintiffs not only fail even to *cite* the definition of "obligation to contribute," they concede that Just Born does not have an "obligation to contribute" under either a collective bargaining agreement or labor-management relations law. *See* ECF No. 24-1, Plaintiffs' Memorandum in Support of Motion for Judgment on the Pleadings ("MJP") at 14; ECF No. 26, Plaintiffs' Memorandum in Opposition to Defendant's Cross-Motion ("Response Br.") at 4–6.

Accordingly, this case is simple. Just Born and Plaintiffs agree that Just Born is not presently a "bargaining party." Just Born is therefore not among the "bargaining parties" on which Plaintiffs may impose a contribution schedule under Section 305(e)(3)(C). The Court should enter judgment for Just Born.

<u>**Argument**</u>

**A.    ERISA Section 305(e)(3)(C) Is Not Triggered Because Just Born Has No <u>"Obligation To Contribute" For New Employees</u>**

As Just Born explained in its opening brief, Congress expressly incorporated well-established labor-law and employee-benefits-law concepts into the 2006 and 2014 amendments to ERISA for "critical status" multiemployer pension plans. ECF No. 25-1, Memorandum in Support of Cross-Motion ("Just Born Br.") at 8–11. The chain of definitions specifying the parties on which a pension fund manager may impose a contribution schedule under Section 305(e)(3)(C) links back to the familiar ERISA statutory term "obligation to contribute," which requires either an extant collective bargaining agreement or an obligation arising under federal labor law. Because Plaintiffs concede that Just Born does not presently have an "obligation to contribute" as defined in ERISA for employees hired beginning in November 2015, their claim fails as a matter of law.

Section 305(e)(3)(C)(ii), the sine qua non of Plaintiffs' case, applies only if "the *bargaining parties* with respect to such agreement fail to adopt a contribution schedule with terms consistent with the updated rehabilitation plan . . . ." ERISA § 305(e)(3)(C)(ii)(II), 29 U.S.C. § 1085(e)(3)(C)(ii)(II) (emphasis added). The term "bargaining party" is defined in the very same section to mean "an employer who has an *obligation to contribute* under the plan." ERISA § 305(j)(1)(A)(i), 29 U.S.C. § 1085(j)(1)(A)(i) (emphasis added). And "obligation to contribute" is defined in the

2

very same section to incorporate the statutory definition from ERISA § 4212(a), 29 U.S.C. § 1392(a). *See* ERISA § 305(j)(7), 29 U.S.C. § 1085(j)(7). Section 4212(a), in turn, defines "obligation to contribute" to mean either (1) an obligation under a collective bargaining agreement, or (2) an obligation imposed under labor law. ERISA § 4212(a), 29 U.S.C. § 1392(a). Thus, Just Born is not a "bargaining party" under Section 305(e)(3)(C) unless one of those statutory elements is satisfied. But neither statutory element is met in this case.

      **<u>Obligation Under A Collective Bargaining Agreement.</u>** The collective bargaining agreement formerly establishing Just Born's obligation to contribute to the Fund expired in April 2015, Compl. ¶ 21, and an obligation to contribute that is "tied" to a collective bargaining agreement expires with that agreement. *Michels Corp. v. Cent. States, Se., & Sw. Areas Pension Fund*, 800 F.3d 411, 418–19 (7th Cir. 2015); *Woodward Sand Co. v. W. Conference of Teamsters Pension Trust Fund*, 789 F.2d 691, 695 (9th Cir. 1986). Plaintiffs therefore rightly conceded in their opening brief that their claim "most certainly does not 'depend[]' on the collective bargaining agreement between the Employer and Local 6." MJP at 14.

      **<u>Obligation Imposed Under Labor Law.</u>** Plaintiffs likewise concede that this case does not challenge the validity under labor law of Just Born's imposition of its best-and-final offer at impasse: "the Fund has made no claim in this case that the

Case 8:16-cv-00793-DKC   Document 27   Filed 09/12/16   Page 8 of 20

Employer has an obligation to contribute for new employees that arises *under federal labor law*."[1] Response Br. at 6. There being no obligation to contribute under either element of Section 4212(a), Just Born is not a "bargaining party" under Section 305(e)(3)(C), and Plaintiffs have no right to impose a contribution schedule against it.

## B. The Court Should Reject Plaintiffs' Invitation To Ignore ERISA's Explicitly Defined Terms

Plaintiffs' principal response to Section 4212(a) is to ignore it. In fact, Plaintiffs *fail even to cite the provision* in over 60 pages of briefing. Instead, they contend that Section 305(e)(3)(C)(ii)(II), 29 U.S.C. § 1085(e)(3)(C)(ii)(II), authorizes them to impose a contribution schedule on Just Born because it "is a 'bargaining part[y] *with respect to*' this March 2012–April 2015 collective bargaining agreement." Response Br. at 3. The argument does not carry water for at least two reasons: (1) Plaintiffs expressly waived it in their opening brief, and (2) it runs roughshod over the definition of "bargaining party" in Section 305(j).

As to the first fatal flaw, Plaintiffs' position that Just Born does not have an obligation to contribute from the collective bargaining agreement could not have been clearer in their opening brief:

---

[1] As Just Born argued in its opening brief, the assertion of an obligation to contribute under federal labor law would require litigating whether or not Just Born committed an unfair labor practice by imposing its best-and-final offer on impasse with Local 6, and the Court lacks jurisdiction to make that determination. *See* Just Born Br. at 11–12. Plaintiffs do not dispute this and instead concede that there is no obligation to contribute founded in federal labor law. Response Br. at 4–6.

> [Plaintiffs'] ERISA claim most certainly does *not* "depend[]"
> on the collective bargaining agreement between the
> Employer and Local 6 . . . that expired on April 30, 2015.

MJP at 14. Yet Plaintiffs now say that their claim *does* depend on the "March 2012–

April 2015 collective bargaining agreement between the Employer and Local 6."

Response Br. at 3. But parties are prohibited from advancing on reply "contentions

not raised in the argument section of the opening brief." *United States v. Al-Hamdi*, 356

F.3d 564, 571 n.8 (4th Cir. 2004). Because "intentional and unambiguous waivers,"

even of legal arguments, are binding judicial admissions, *see, e.g., Meyer v. Berkshire Life

Ins. Co.*, 372 F.3d 261, 264–65 (4th Cir. 2004), Plaintiffs may not prejudice Just Born

through their last-minute attempt to change positions.

As to the second fatal flaw, Plaintiffs' argument reads the term "bargaining" in

"bargaining parties" out of the statute. Their claim that Just Born is a party "'*with

respect to*' the March 2012–April 2015 collective bargaining agreement" assumes that

Congress wrote Section 305(e)(3)(C)(ii) to apply to "parties to such agreement" or

"parties with respect to such agreement."

But if Congress had intended merely to rope in any former parties to the

expired collective bargaining agreement, it could have done so through any number of

very simple formulations. Instead, it used the term "*bargaining parties*" and proceeded,

in the very same section, to (A) define that term, ERISA § 305(j)(1), 29 U.S.C.

§ 1085(j)(1), and (B) tether it to the longstanding definition of "obligation to

contribute," ERISA § 305(j)(7), 29 U.S.C. § 1085(j)(7). The point of this decision was

to allow pension fund sponsors to impose an updated contribution schedule on employers who have an existing obligation to continue making contributions to pension funds on behalf of the employees who were the beneficiaries of an expired collective bargaining agreement because those contributions are the subject of mandatory bargaining under federal labor law and cannot be altered by the employer. *N.L.R.B. v. Katz*, 369 U.S. 736, 743 (1962); *Joyce v. Clyde Sandoz Masonry*, 871 F.2d 1119, 1122 n.3 (D.C. Cir. 1989). In contrast, Congress's use of the term "bargaining parties" excluded the less common situation of this case, where the employer's obligation to contribute for new employees was lawfully extinguished through imposition of a final offer at impasse. *See Joyce*, 871 F.2d at 1122 n.3 ("The obligation to contribute . . . continues until impasse).

Plaintiffs nevertheless suggest that "bargaining parties" does not mean what it says because it is followed by the clause "with respect to such agreement." Response Br. at 3. This is grammatically impossible. The phrase "with respect to such agreement" modifies the phrase "bargaining parties" and thus specifies a *subset* of "bargaining parties," but it cannot expand or otherwise transform the underlying meaning of "bargaining parties."[2] *See, e.g., Palisades Collections LLC v. Shorts*, 552 F.3d

---

[2] The modifying language in the phrase "ducks swimming in the Chesapeake Bay" restricts the noun "ducks" to exclude ducks swimming in the Great Lakes. But it does not *expand* the definition of "ducks" to include geese—even if there are geese swimming in the Chesapeake Bay.

327, 335 (4th Cir. 2008) (holding that a "statute's use of the word 'any' to modify 'defendant' . . . cannot change the meaning of the word 'defendant'"); *First Bank v. DJL Properties, LLC*, 598 F.3d 915, 917 (7th Cir. 2010) (same); *Westwood Apex v. Contreras*, 644 F.3d 799, 804 (9th Cir. 2011) (same); *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1208, 1210 (9th Cir. 2011) (holding that the adverb "electronically" in "electronically printed" merely "functions to clarify the manner of printing . . . ; it does not change the definition of 'print.'"); *Kim v. United States*, 822 F. Supp. 107, 112 (E.D.N.Y. 1993) (noting that an adjective "does not usually alter the fundamental nature of the noun it modifies"). Thus, Just Born cannot fit within the phrase "bargaining parties with respect to such agreement" unless it is first a "bargaining party." As discussed above, it is not.

Finally, Plaintiffs suggest with no support that Congress subjectively intended a different result under Section 305(e)(3)(C). Response Br. at 9–10. But even if this were true, Section 305 means what it says. Whatever subjective purpose Congress allegedly had in mind, courts are "precluded" from adopting a "functional approach to defining [a] term" when Congress has fixed that term's meaning through a "technical definition." *I.N.S. v. Hector*, 479 U.S. 85, 89 (1986).

## C.    The Trust Agreement Does Not Create An Obligation To Contribute

Plaintiffs at times suggest that the Trust Agreement establishing the Fund and its rules creates the relevant obligation necessary to pull Just Born within the ambit of Section 305(e)(3)(C). *See* Response Br. at 1–2, 7. To the extent that they intend to

assert the Trust Agreement as the basis of their claim, they have also waived that argument: "[The Fund's] ERISA claim most certainly does not 'depend[]' on the collective bargaining agreement between [Just Born] and Local 6 (and the *trust agreement incorporated therein*)." MJP at 14 (emphasis added).

Even if Plaintiffs' about-face were procedurally proper, the argument would be unavailing for several reasons.

*First*, Plaintiffs have not pleaded a claim under the Trust Agreement or even filed that document with the Court. The Trust Agreement is mentioned only in passing in their Complaint and the language they rely on is from the expired collective bargaining agreement between Just Born and Local 6, not the Trust Agreement. *See* MJP 1–2; Compl. ¶¶ 12–14.[3] The expired collective bargaining agreement does recite that Just Born agreed to "all the terms and provisions" of the Trust Agreement, Compl. Ex. A art. 22(1), but "all the terms and provisions" of that Agreement are not on the record or incorporated into any pleadings, and the Court has no way to assess what claims and defenses might be available under it. *Cf.* Fed. R. Evid. 106. So whatever claim Plaintiffs *might* have been able to make against Just Born for allegedly

---

[3] It is highly doubtful that the Trust Agreement is any better positioned to create an obligation to contribute than the collective bargaining agreement or the National Labor Relations Act, given that Just Born has no freestanding obligations under the Trust Agreement independent of the collective bargaining agreement or labor law, neither of which support Plaintiffs' claims. *See, e.g., Michels Corp.*, 800 F.3d at 419; *Office & Prof'l Employees Ins. Trust Fund v. Laborers Funds Admin. Office of N. Cal., Inc.*, 783 F.2d 919, 922 (9th Cir. 1986).

running afoul of the Trust Agreement, Just Born is entitled to judgment against the claim Plaintiffs *actually pleaded*.

*Second*, even Plaintiffs' cherry-picked selections from the Trust Agreement refute their claims. Those purported parts of the Agreement state that "the Employer agrees to make payments to the Pension Fund for each employee working in job classifications *covered by a Collective Bargaining Agreement* between the Employer and the Union," and that "[c]ontributions shall be paid from the first day the employee begins working in a job classification *covered by the Collective Bargaining Agreement* between the Employer and the Union. . . ." Compl. Ex. A, art. 22(2) (emphasis added); Compl. ¶ 12. But under ordinary principles of contract interpretation applicable to labor agreements, "'contractual obligations will case, in the ordinary course, upon termination of the bargaining agreement,'" *M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926, 933 (2015) (quoting *Litton Financial Printing Div., Litton Bus. Sys., Inc. v. N.L.R.B.*, 501 U.S. 190, 207 (1991)), and thus employees are not "covered" by a collective bargaining agreement after it has expired, *see, e.g., Office & Prof'l Employees Ins. Trust Fund*, 783 F.2d at 922; *see also United Food & Commercial Workers Int'l Union, AFL-CIO, Local 7 v. Gold Star Sausage Co.*, 897 F.2d 1022, 1026 (10th Cir. 1990); *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 232–33 (1st Cir. 1996). (An employer may have certain obligations under federal labor law to continue implementing part of the expired agreement, but "those terms and conditions no longer have force by virtue of the contract," and the existence or extent of such obligations are within the NLRB's

primary jurisdiction. *Litton*, 501 U.S. at 206.)  Accordingly, any employee hired by Just Born after November 2, 2015, is not "covered by the Collective Bargaining Agreement between the Employer and the Union."

Similarly, Plaintiffs' reliance on the language "there are no exceptions" to alter the scope of job classifications covered, *see* MJP at 2, Compl. ¶ 13, misreads that purported Trust Agreement language in much the way that Plaintiffs misread ERISA § 305(e)(3)(C)(ii)(II), *see supra* § B. The phrase "there are no exceptions" refers back the phrase "in job classifications covered by a Collective Bargaining Agreement"; it does not *expand* that pool to include employees who have never been employed in job classifications covered by a Collective Bargaining Agreement.[4] Indeed, both court decisions Plaintiffs cite in interpreting what appear to be superseded versions of the Trust Agreement conclude that "contributions are required only for those employees who are in the pertinent 'job classifications covered by' the collective bargaining agreement." *Bakery and Confectionary Union and Industrial Int'l Pension Fund v. Ralph's Gocery Co.*, 118 F.3d 1018, 1026 (4th Cir. 1997); *see also Bakery & Confectionery Union & Indus. Int'l Pension Fund v. New World Pasta Co.*, 309 F. Supp. 2d 716, 725 (D. Md. 2004). The employees at issue were never "covered by the Collective Bargaining Agreement"

---

[4] A legal document providing "all boats on the Chesapeake Bay must have a license— there are no exceptions" would not reach boats on the Great Lakes, notwithstanding the phrase "there are no exceptions."

between Just Born and Local 6, so the un-pleaded Trust Agreement argument adds nothing to Plaintiffs' pleaded claim.

## D.      Plaintiffs' Other Assorted Arguments Are Unpersuasive

Plaintiffs have advanced a series of other meritless arguments.

*First*, Plaintiffs argue that their claim is "'premised' on a recently-enacted ERISA provision," *i.e.*, Section 305(e)(3)(C), not labor law or a collective bargaining agreement. Response Br. at 5. But Plaintiffs' argument is circular. All the elements of Section 305(e)(3)(C) must be satisfied before a pension fund sponsor can impose a contribution schedule, including the requirement that the party on which the sponsor purports to impose a contribution schedule have an "obligation to contribute." If pension fund sponsors can create an "obligation to contribute" on an employer merely by purporting to impose a contribution schedule, then the statutory term "bargaining parties" means nothing.

*Second*, Plaintiffs' contention that Section 305(e)(3)(C) is in intractable conflict with decades of employee-benefits and labor law fails because Section 305(e)(3)(C) incorporates those very concepts by reference by conditioning its applicability on an "obligation to contribute" as defined in ERISA § 4212(a). The principle that "courts should attempt to harmonize statutory provisions and not go searching for implied repeals," *The Last Best Beef, LLC v. Dudas*, 506 F.3d 333, 341 (4th Cir. 2007), certainly counsels against inventing implied repeals where a statute expressly incorporates the allegedly repealed statutes.

11

For the same reasons, the Second Circuit's decision in *Trustees of Local 138 Pension Fund v. F.W. Honerkamp Co., Inc.*, 692 F.3d 127 (2d Cir. 2012), is instructive because it refutes Plaintiffs' contention that Section 305(e)(3)(C) eliminates "*any* collective bargaining rights the parties might otherwise have had under labor law with respect to the employer's level of contributions to the pension plan." MJP at 4 (emphasis added). Reasoning that "Congress did not hint at—let alone explicitly state— . . . an abrogation" of ERISA's withdrawal provisions, the Second Circuit in *Honerkamp* held that Section 305(e)(3)(C) does *not* supersede an employer's right to withdraw from a fund in critical status. 692 F.3d at 134–35. Thus, at least *some* "collective bargaining rights the parties might otherwise have had" remain consistent with this provision. Plaintiffs attempt to distinguish *Honerkamp* insofar as withdrawal liability is not at issue in this case, but they fail to explain why an employer would have the right to withdraw from contribution obligations under a pension fund, notwithstanding Section 305(e)(3)(C), but would somehow be bound to affirmatively *assume* obligations that never existed on behalf of employees who have never been fund beneficiaries.

*Third*, Plaintiffs' argument that a plain-language reading of Section 305(e)(3)(C)(ii) would render the provision nugatory given the employer's National Labor Relations Act-imposed obligation to continue making contributions to pension funds on behalf of the employees who were the beneficiaries of an expired collective bargaining agreement because those contributions are the subject of mandatory

12

bargaining under federal labor law, Response Br. at 9–10, misconstrues the effect that provision will have in many scenarios.

Plaintiffs misconstrue Section 305(e)(3)(C)(ii) by suggesting that it merely freezes the status quo, when in fact it authorizes pension fund sponsors to alter bargaining parties' obligations in many cases. ERISA plan sponsors are required to "annually update any schedule of contribution rates" for critical-status plans, ERISA § 305(e)(3)(B)(ii), 29 U.S.C. § 1085(e)(3)(B)(ii), and Section 305(e)(3)(C)(ii) requires the bargaining parties to adopt a contribution schedule "with terms consistent with the *updated* rehabilitation plan," ERISA § 305(e)(3)(C)(ii)(II), 29 U.S.C. § 1085(e)(3)(C)(ii)(II) (emphasis added). Thus, so long as an obligation to contribute exists, Section 305(e)(3)(C)(ii) ties the parties hands as to what they may agree to, whereas the National Labor Relations Act does not restrict what new terms the parties may adopt.

Moreover, if the bargaining parties fail to agree to terms consistent with the "updated" schedule, the sponsor imposes the contribution schedule adopted in the expired collective bargaining agreement "*as updated*" on the date the collective bargaining agreement expired, regardless of whether the updates were incorporated into the parties' prior contractual obligations or into a subsequent collective bargaining agreement. ERISA § 305(e)(3)(C)(ii), 29 U.S.C. § 1085(e)(3)(C)(ii) (emphasis added). Thus, so long as an obligation to contribute remains in effect, plan sponsors may impose a contribution schedule that differs from that included in the

13

expired collective bargaining agreement, whereas federal labor law would otherwise require continuation of the contribution schedule of the expired collective bargaining agreement, and a successor collective bargaining agreement would require whatever was included in its terms.

*Finally*, Plaintiffs' assertion that their atextual reading of Section 305(e)(3)(C) properly preserves the "balance" Congress subjectively intended could only be true if Congress in fact intended no balance at all. Response Br. at 10. Plaintiffs' so-called balance amounts to a choice between voluntarily accepting of the Pension Fund's terms or being forced into them involuntarily. *See id.* That rendition is not a balance; it gives *all* the cards to the Pension Fund. The actual statutory text creates a *real* balance, where the Pension Fund in many cases does have the power to impose terms, but only within the longstanding framework of ERISA obligations and labor-law requirements. Thus, the parties retain the right to freely contract and otherwise exercise their labor-law rights where no "obligation to contribute" exists in the first instance. That is the balance Congress intended and the balance Just Born seeks to avail itself of here.

## <u>Conclusion</u>

For these reasons and the reasons stated in Just Born's opening brief, the Court should enter judgment in favor of Just Born.

Date: September 12, 2016                    Respectfully submitted,


                                           /s/ Elizabeth A. Scully
                                           Elizabeth A. Scully
                                               (MD Fed. Bar # 27402)
                                           Mark W. DeLaquil (phv)
                                           Jay P. Krupin (phv)
                                           David B. Rivkin, Jr. (phv)
                                           Baker & Hostetler LLP
                                           1050 Connecticut Ave. N.W.,
                                           Suite 1100
                                           Washington, DC 20036
                                           Phone: (202) 861-1527
                                           Fax: (202) 861-1783
                                           mdelaquil@bakerlaw.com

                                           *Counsel for Defendant Just Born*

## CERTIFICATE OF SERVICE

I certify that on September 12, 2016, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will send notification to all counsel of record.

/s/ Elizabeth A. Scully
Elizabeth A. Scully