```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND
```

BAKERY AND CONFECTIONERY UNION  
AND INDUSTRIAL INTERNATIONAL  
PENSION FUND, et al.  

    v.                       Civil Action No. DKC 16-0793

JUST BORN II, INC.

**ORDER**

For the reasons stated in the foregoing Memorandum Opinion, it is this 8th day of February, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for judgment on the pleadings filed by Plaintiffs Bakery and Confectionery Union and Industrial International Pension Fund and the Trustees (ECF No. 24) BE, and the same hereby IS, GRANTED in part and DENIED in part;

2. The following facts have been established:

   a. Defendant Just Born II, Inc. was a bargaining party to a collective bargaining agreement providing for contribution to a multiemployer plan in accordance with a schedule provided by the plan sponsor, Plaintiffs, pursuant to a rehabilitation plan as defined in 29 U.S.C. § 1085(e);

    b.    The terms of the contribution schedule under the collective bargaining agreement required that Defendant make contributions on behalf of all employees in covered job classifications;

    c.    That collective bargaining agreement expired on April 30, 2015, and the Fund was still certified as being in "critical" status;

    d.    The bargaining parties to the expired agreement failed to adopt a contribution schedule consistent with the rehabilitation plan within 180 days of the expiration of the collective bargaining agreement;

    e.    At that time, Plaintiffs were required by 29 U.S.C. § 1085(e)(3)(C)(ii) to implement the contribution schedule under the expired collective bargaining agreement;

3.    It is hereby DECLARED that Defendant is statutorily bound by the schedule of contributions implemented by Plaintiff on October 27, 2015, for all employees performing work in job classifications covered by the collective bargaining agreement that expired on April 30, 2015, including employees hired after the parties' impasse in negotiations; UNLESS Defendant can show that Plaintiffs used fraud or misrepresentation to induce

Defendant to agree to the schedule under a rehabilitation plan that was not authorized under 29 U.S.C. § 1085(b);

4. The first, second, third, and fourth affirmative defenses in Defendant's answer BE, and the same hereby ARE, STRICKEN;

5. The cross-motion for judgment on the pleadings filed by Defendant (ECF No. 25) BE, and the same hereby IS, DENIED;

6. Defendant must file any amended answer with affirmative defenses no later than March 1, 2017; and

7. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties.

                                                          /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge